IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                        CRIMINAL NO. 1:06cr52WJG-JMR

K'HARI GOWDY

O R D E R

THIS CAUSE is before the Court on the motion of Defendant K'hari Gowdy, to dismiss [18-1] the indictment pending against her for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).  A three-count indictment charges Gowdy with knowingly and willfully making or causing to be made a false and fraudulent material statement or representation, by filing a claim for disaster unemployment benefits with the Mississippi Department of Employment Security [MDES], in violation of 18 U.S.C. §§ 2 and 1001, and with stealing, purloining and knowingly converting to her own use greater than $1,000 in funds belonging to the United States of America [United States].  (Ct. R., Doc. 1.)  Gowdy contends that the alleged false statements were made to the MDES, and were not made in a matter to any department or agency of the United States or under the jurisdiction United States, as contemplated in 18 U.S.C. § 1001.  (Ct. R., Doc. 18, p. 1.)

Following the landfall of Hurricane Katrina on August 29, 2005, President George W. Bush declared several areas of Alabama, Louisiana, and Mississippi disaster areas and made available to those areas the benefits of the Disaster Relief Act [DRA], including Disaster Unemployment Assistance [DUA] pursuant to 42 U.S.C. § 5177.  As required by the DRA, the

United States Department of Labor [DOL] and the State of Mississippi [State] entered into an agreement whereby the State would administer the DUA benefits through the MDES.  Gowdy contends that the money she received from MDES, allegedly as a result of falsifying her application for disaster assistance, was no longer federal money; therefore, there is no federal jurisdiction present in this case and the indictment against her should be dismissed.  (Ct. R., Doc. 19, p. 2.)

The United States maintains that the DOL supervised and controlled the final disposition of funds through both the agreement with the State and through federal regulations.  (Ct. R., Doc. 20, p. 2.)

To satisfy the jurisdiction requirement of section 1001, the false statement must concern the "authorized functions of an agency or department" rather than "matters peripheral to the business of that body."  *United States v. Rodgers*, 466 U.S. 475, 479 (1984).  "A department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation."  *Rodgers*, 466 U.S. at 479.  It is well settled that when federal funds pay for the benefits received and federal agencies have the ultimate authority to see that the federal funds are properly spent that the jurisdictional requirement of section 1001 is met.  *United States v. Stanford*, 589 F.2d 285, 296-98 (7th Cir. 1978), *cert. denied* 440 U.S. 983 (1979) (involving AFDC benefits).  The United States Supreme Court has stated that jurisdiction within the meaning of section 1001 should not be narrowly or technically defined.  *Rodgers*, 466 U.S. at 480.  False statements need not be presented to an agency of the United States and federal funds need not actually be used to pay a claimant for federal funds for jurisdiction to exist under section 1001.  *United States v. Suggs*, 755 F.2d 1538, 1542 (11th Cir. 1985); *United States v.*

*Herring*, 916 F.2d 1543 (11th Cir. 1990); *United States v. Shafer*, 199 F.3d 826, 829 (6th Cir. 1999); *United States v. Davis*, 8 F.3d 923, 929 (2nd Cir. 1993); *see United States v. Smith*, 523 F.2d 771, 779 n.15 (5th Cir. 1975), *cert. denied* 429 U.S. 817 (1976).  Accordingly, the Court concludes that the motion to dismiss the indictment should be denied.  It is therefore,

ORDERED that the motion to dismiss the indictment [18-1] be, and is hereby, denied.

SO ORDERED this the 22nd day of January, 2007.


          *Walter J. Gex III*
          UNITED STATES SENIOR DISTRICT JUDGE